*Compiler / Law Library*

FILED
SUPERIOR COURT
OF GUAM

2013 DEC 30 AM 9: 44

SUPERIOR COURT OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JACQUELINE HOWISON SCHOMMER,<br><br>                              Petitioner,<br><br>        v.<br><br>JOSEPH EUGENE SCHOMMER,<br><br>                              Respondent. | DOMESTIC CASE NO. DM 0299-13<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 15th day of November, 2013, for hearing on the Petitioner's Motion for Fees and Costs. Attorney Joaquin C. Arriola, Jr. of Arriola, Cowan & Arriola represented the Petitioner, and Attorney Daniel Somerfleck of Somerfleck and Associates PLLC represented the Respondent. For the reasons set forth below, the Court grants the motion in part.

## DISCUSSION

The parties are the divorced parents of two minor children. The Petitioner mother lives in New Zealand and the Respondent father lives in Guam. The Petitioner initiated this case under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 7 GCA chapter 39, to enforce the May 6, 2013 judgment entered by the Honorable Judge N A Walsh of the Family Court at Christchurch, New Zealand. That judgment directed that the children, who were

in the actual custody of the Respondent, be returned to New Zealand "forthwith." The parties stipulated to a dispositive order in favor of the Petitioner, with the Respondent agreeing to return the children to the Petitioner's custody in New Zealand. The Petitioner, as the prevailing party, now moves for costs and attorney's fees incurred during the course of the prosecution of this case pursuant to 7 GCA § 39312(a), which provides:

> The court shall award the prevailing party, including a State, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney's fees, investigative fees, expenses for witnesses, travel expenses, and child care during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate.

In order to avoid an assessment of attorney's fees, the Respondent bears the burden of demonstrating that such an assessment would be "clearly inappropriate."

The Respondent has provided documentary evidence from the mental health professionals treating his minor son, N.H.S. (date of birth October 27, 2000), that establishes that there were genuine concerns about the child's mental health and the appropriateness of the child travelling to New Zealand to return to the Petitioner's custody. The Court does not doubt that the Respondent's principal motivation was a good faith desire to ensure the wellbeing of his son, and it appears to the Court that he made considerable personal sacrifices to pursue care for his son. This is all to the Respondent's credit as a father guiding his family through extraordinarily painful and tragic circumstances.

Nevertheless, the Court cannot conclude that an award of fees would be clearly inappropriate in this case. The Respondent's error was in proceeding unilaterally without leave of the New Zealand court that entered the child custody judgment. While the Respondent may well have had good reason to retain custody of his children, that was a question for the New Zealand court, which has jurisdiction over the custody of these children. The UCCJEA cannot tolerate unilateral defiance of a duly entered child custody orders. This litigation and the

concomitant costs would not have arisen but for the Respondent's disregard of the appropriate legal channel through which to pursue his remedy and his resort to extralegal self-help measures. The Court therefore finds that an award of costs would not be clearly inappropriate here.

The Respondent also challenges the reasonableness of the fees and costs claimed by the Petitioner. In particular, the Respondent argues that the Petitioner's counsel's fees for the preparation of pleadings and for work done after the return of the children to the Petitioner's custody are unreasonable, and that the costs claimed for telecommunications, copies, notary, and courier are unsupported and unreasonable.

With respect to Petitioner's counsel's fees, the Court finds that, taking into account the nature and the complexity of this unusual international controversy, the contentious relations between the parties, and the high caliber of the Petitioner's counsel's representation, the fees billed are reasonable.

However, the Court agrees with the Respondent that the costs claimed by the Petitioner for telecommunications, copies, notary, and courier cannot be awarded. The Petitioner has claimed the rather extraordinary amount of $1,800 for these relatively simple services. Without receipts or other documentary evidence of this expenditure, the Court finds the declaration of the Petitioner insufficient to support these claimed costs.

At hearing, Petitioner's counsel requested an award of $13,750, which included the $1,800 of costs the Court finds unsupported as well as Petitioner's counsels fees related to the hearing on this motion itself. Accordingly, subtracting $1,800 from that figure, the Court finds that $11,950 is the correct amount of to be awarded to the Petitioner.

## CONCLUSION

For the reasons set forth above, the Petitioner's Motion for Fees and Costs is GRANTED in part, and the Petitioner is awarded $11,950 in fees and costs. Judgment shall issue contemporaneously with this Decision & Order.

**IT IS SO ORDERED** this day of ___DEC 3 0 2013___.



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a
full true and correct copy of the original on
file in the office of the clerk of the Superior
Court of Guam
Dated at Hagåtña, Guam

DEC 3 0 2013

Joseph J.O. Fausto
Deputy Clerk, Superior Court of Guam